**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

JORGE BLANCO,

    Plaintiff,

v.

BUG OUT PRO, INC.,
a Florida profit corporation,
TODD R. COLLIGAN,
individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JORGE BLANCO ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* and Florida Common Law, files the following Complaint for Damages and Demand for Jury Trial against Defendants, BUG OUT PRO, INC., (hereinafter "BUG OUT"), and TODD R. COLLIGAN, (hereinafter "COLLIGAN"), (collectively referred to as "Defendants"), and alleges the following:

### INTRODUCTION

1. Defendants unlawfully deprived Plaintiff of overtime wages during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the course of his employment period. Plaintiff also seeks damages for Breach of Contract.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, BUG OUT, was a Florida profit corporation located and transacting business within Davie, Florida, within the jurisdiction of this Honorable Court. Defendant, BUG OUT, is headquartered and operates its principal location at 2810 E. Oakland Park Blvd., Suite 200(A), Fort Lauderdale, Florida 33306.

4. Defendant, BUG OUT, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent hereto.

5. Defendant, COLLIGAN, resides in Pompano Beach, Florida.

6. Defendant, COLLIGAN, was the owner, managing member, and corporate officer of Defendant ,BUG OUT, during the relevant time period.

7. Moreover, Defendant, COLLIGAN, controlled BUG OUT's day to day operations, including but not limited to BUG OUT's payroll, hiring decisions, firing decisions, and employee scheduling.

8. Defendant, COLLIGAN, was also Plaintiff's supervisor during Plaintiff's employment period with BUG OUT.

9. During all times material hereto, Defendant, COLLIGAN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

10. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant, BUGOUT, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

12. Supplemental jurisdiction over Plaintiff's state law exists before this Court pursuant to 28 U.S.C. § 1367(a).

13. Plaintiff's state law claims arise under the same nucleus of operative facts as Plaintiff's federal wage and hour claims.

14. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

15. Defendant, BUG OUT, is a Florida profit corporation that provides pest control services throughout Pompano Beach and Fort Lauderdale, Florida.

16. Defendants, BUG OUT and COLLIGAN, employ individuals like Plaintiff to work as non-exempt hourly laborers/pesticide sprayers throughout South Florida.

17. Plaintiff worked for Defendants as a non-exempt, laborer/bug sprayer from August 2021 until December 3, 2021.

## FLSA COVERAGE

18. Defendant, BUG OUT, is covered under the FLSA through enterprise coverage, as BUG OUT was engaged in interstate commerce during Plaintiff's employment period. More specifically, BUG OUT's business and Plaintiff's work for BUG OUT affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, BUG OUT, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

19. During his employment with Defendant, BUG OUT, Plaintiff and other laborers/pesticide sprayers, handled and worked with various good and/or materials that moved

through interstate commerce, including, but not limited to: pesticides, polyethylene plastic, stainless steel, fertilizers, fiberglass, spray tanks, shirts, gloves, boots, backpack sprayers, mist sprayers, sprayer attachments, ATV sprayers, large horse reels, hitches, chemicals, dusters, motor vehicles, trucks, car keys, foamers, bait guns, flashlights, protective gowns, masks, face shields, spill kits, first-aid kits, gauzes, dehumidifiers, mosquito sprays, vacuums, etc.

20. Defendant, BUG OUT, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, BUG OUT an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, BUG OUT, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

22. During his employment with Defendants, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of substantial importance on behalf of BUG OUT; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

23. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## **BREACH OF CONTRACT**

24. Plaintiff entered into an oral contract for employment with Defendant, BUG OUT, through COLLIGAN, in or around August 2021. Under the contract, BUG OUT agreed to pay Plaintiff $55,000.00 per year to work for Defendants as a laborer/pesticide sprayer.

25. BUG OUT, through COLLIGAN, agreed to pay Plaintiff's $55,000.00 salary on a weekly basis. This amounted to $1,057.00 for each week of work.

26. However, BUG OUT only paid Plaintiff $1,000.00 for his first week of work.

27. Plaintiff brought this to Defendants' attention and demanded payment in accordance with his contract. However, Defendants did not rectify this pay issue.

28. During subsequent pay periods, Defendants paid Plaintiff $800.00 per week. Plaintiff reiterated his complaints to Defendants about their failure to pay him $1,057 per week. Defendants refused to pay Plaintiff the $1,057.00 per week and explained that they wanted him to "prove that he was worth that much money." Defendants never paid Plaintiff the additional money that was due under the contract.

29. Plaintiff ultimately quit his job with Defendants on or about December 3, 2021, after demanding payment in accordance with their contract.

30. Although Plaintiff performed his duties competently and effectively, and although Plaintiff demanded payment from Defendants in accordance with their contract, Defendants failed to rectify their breach.

31. Thus, Defendants breached the employment contract by failing to pay Plaintiff his promised and due wages for work performed.

32. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of wages not paid to him.

**PLAINTIFF'S DUTIES RENDER HIM NON-EXEMPT UNDER FLSA**

33. Moreover, even though the contract required Defendants to Pay Plaintiff $55,000.00 per year, Plaintiff's job duties rendered him a non-exempt employee, which required Defendants to pay Plaintiff overtime wages when he worked more than forty (40) hours in a workweek

34. During his employment period, Plaintiff predominantly performed manual labor and treated residential and commercial lawns with targeted chemicals to prevent and eliminate unwanted bugs and pests. Plaintiff also had mosquito control duties during his employment period.

35. The economic realities of Plaintiff's employment relationship with Defendants render him a non-exempt employee.

36. Notwithstanding Plaintiff's non-exempt status, Plaintiff typically worked at least forty-five (45) to fifty (50) hours per week and did not receive overtime pay at time and one-half Plaintiff's regular hourly rate for his work in excess of forty (40) hours per week.

37. Defendants' payroll records during the relevant time period do not accurately reflect the total number of hours worked by Plaintiff.

38. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

39. Defendants failed to pay Plaintiff time-and-one-half his regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**
**(Against All Defendants)**

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1-23 and 33-39 as though set forth fully herein.

41. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

42. Defendants failed to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate as required by the FLSA for some hours worked in excess of forty (40) in a workweek.

43.     Defendants were aware that Plaintiff worked in excess of forty (40) hours per week during his employment period.

44.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew (or should have known) of the overtime requirements of the FLSA but failed to comply with same.

45.     Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

46.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

47.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JORGE BLANCO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BUG OUT PRO, INC., and TODD R. COLLIGAN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II BREACH OF CONTRACT (AS AN ALTERNATIVE TO COUNT I)
### (Against Defendant BUG OUT)

48.     Plaintiff hereby re-alleges and re-avers Paragraphs 1-3; 5-8; 10-17; and 24-32 as thought set forth fully herein.

49.     In the alterative to Plaintiff's overtime wage claim, Plaintiff seeks damages based on breach of contract.

50. Plaintiff entered into an oral contract for employment with BUG OUT under which BUG OUT agreed to pay Plaintiff $1,057.00 per week.

51. Plaintiff performed his duties and responsibilities as required by BUG OUT, but, despite demanding money due and owing under the contract, was not paid the wages he was promised per the contract between him and BUG OUT.

52. BUG OUT breached the employment contract by failing to pay Plaintiff his wages for work performed.

53. As a direct and proximate result of BUG OUT's breach of contract, Plaintiff has suffered damages in the amount of wages not paid to him.

WHEREFORE, Plaintiff, JORGE BLANCO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, BUG OUT PRO, INC., and award Plaintiff: (a) all wages due and owing under the Contract; (b) reasonable attorneys' fees and litigation costs under Fla. Stat. § 448.08; and any and all such further relief as this Court deems just, equitable, and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JORGE BLANCO, requests and demands a trial by jury on all appropriate claims.

**Dated this 10th day of December 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

8

JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on December 10, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

9